UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SAN BERNARNDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　Respondent. | Case No. 5:22-cv-1406-JAK-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED |

## I.
## BACKGROUND

On July 29, 2022, Petitioner Broque Anthony Anderson ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"]) Petitioner challenges his March 2022 convictions in San Bernardino County Superior Court case nos. FWV21003848 and FWV21003849 for violating California Penal Code section 459 (burglary).

Petitioner is pursuing a direct appeal in case no. E079027 in which he is represented by counsel. Per the online records of the California Court of Appeal, 4th Appellate District Division 2, that appeal remains pending. See

1

https://appellatecases.courtinfo.ca.gov (showing record on appeal filed on August 10, 2022).

The Petition states six claims for federal habeas relief.  Claim 2 alleges ineffective assistance of trial counsel.  The remaining five claims all allege some variation of a due process claim that the evidence presented at trial was insufficient to prove the elements of burglary beyond a reasonable doubt.  (Dkt. 1.)

## II.
## LEGAL STANDARDS

### A. The Exhaustion Requirement.

All claims in a federal habeas petition must be "exhausted" before a federal court may grant the petition.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982).  To exhaust a claim, the petitioner must "fairly present" the claim to the state courts, to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  To be properly exhausted, the claim must be "fairly presented" to the highest court in a state court system, even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  For a petitioner in California state custody, this generally means that the petitioner must have presented his claims to the California Supreme Court.  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); see also Carey v. Saffold, 536 U.S. 214, 221 (2002) (noting that, although "California's 'original writ' system" does not "technically speaking" require a habeas petitioner to begin with the Superior Court and then proceed to the California Court of Appeal and California Supreme Court, "California's habeas rules lead a prisoner ordinarily to file a petition in a lower court first ... and later seek appellate review in a higher court....").

For a claim to have been "fairly presented" to the state courts, the claim "must include a reference to a specific federal constitutional guarantee, as well as a

statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The claim should alert the state court to the alleged federal basis for the claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id.

A petitioner has the burden of demonstrating that he has exhausted his claims in state court. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

**B.     Grounds for Requesting a Stay.**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to a federal court within the one-year period cannot be raised later. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a § 2254 petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

## III.
## DISCUSSION

All six grounds raised in the Petition appear unexhausted, because Petitioner has not yet presented them to the California Supreme Court. Generally, when the direct "appeal of a state criminal conviction is pending, a would be [federal] habeas corpus petitioner must await the outcome of his appeal before his state remedies are

exhausted," because "that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").

The next question is whether this Court should: (a) dismiss the Petition without prejudice to Petitioner filing a new federal petition after he exhausts his claims in state court, or (b) stay these federal proceedings while Petitioner exhausts. As discussed above, Rhines allows federal courts to stay a wholly unexhausted petition under certain circumstances, but only upon a showing of "good cause."

Petitioner has not asked to stay these federal proceedings and it is unclear that he could demonstrate good cause to do so. There does not appear to be any immediate danger that a later-filed § 2254 petition would be time-barred. AEDPA's one-year statute of limitations will not commence until his criminal convictions become final at the conclusion of his direct appeal. See 28 U.S.C. § 2244(d)(1)(A). Even after that, he may qualify for tolling if he files timely state habeas petitions. See 28 U.S.C. § 2244(d)(2); Aguilar v. Ryan, No. 15-cv-0286, 2016 U.S. Dist. LEXIS 159383, 2016 WL 6804334 (D. Ariz. Nov. 17, 2016) (declining to stay § 2254 petition because AEDPA's one-year limitations period was tolled by the pending post-conviction proceeding in state court), cert. of appealability denied, No. 16-17229, 2017 WL 6048893 (9th Cir. Apr. 14, 2017).

## IV.

## CONCLUSION

IT IS HEREBY ORDERED that, on or before **September 13, 2022**, Petitioner is ordered to show cause why the Petition should not be dismissed without prejudice as unexhausted. In response to this Order to Show Cause ("OSC"), Petitioner should do **one** of the following:

(1) Voluntarily dismiss the Petition without prejudice using the enclosed form;

(2) File a written response to this OSC explaining when/how Petitioner contends that his claims are exhausted; or

(3) File a motion to stay this action under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) demonstrating "good cause" for a stay, as discussed above.

**The Clerk's Office is directed to (1) attach a Notice of Dismissal Form that Petitioner can use to voluntarily dismiss this action and (2) mail this Order to Show Cause** to Petitioner's counsel on direct appeal, Mr. Alex Kreit, 325 W. Washington Street, Suite 2 #605, San Diego, CA 92103-1946. While Mr. Kreit does not represent Petitioner for the purpose of pursuing habeas claims, he may be able to explain better why a voluntarily dismissal of this Petition now will not prejudice Petitioner's ability to seek federal habeas corpus relief later, after he exhausts his claims in state court.

DATED: <u>August 16, 2022</u>

*/s/ Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Petitioner(s), |  |
| v. | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |
| Respondent(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Petitioner in its entirety.

☐ **ONLY** Ground(s) _____

_____

_____

is/are dismissed by Petitioner in its/their entirety.

☐ **ONLY** Respondent(s) _____

_____

is/are dismissed.

The dismissal is made pursuant to Federal Rule of Civil Procedure 41(a)(1).

_____     _____
         *Date*                                           *Signature of Petitioner*

**NOTE: F.R.Civ.P. 41(a):** *This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*