O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>SAN BERNARDINO COUNTY SHERIFF DEPARTMENT,<br><br>Respondent. | Case No. 5:22-cv-01406-JAK-KES<br><br>ORDER SUMMARILY DISMISSING UNEXHAUSTED § 2254 PETITION WITHOUT PREJUDICE |

### A.   PROCEDURAL HISTORY.

On July 29, 2022, Petitioner Broque Anthony Anderson ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 [the "Petition"].) Petitioner challenges his March 2022 convictions in San Bernardino County Superior Court case nos. FWV21003848 and FWV21003849 for violating California Penal Code section 459 (burglary). (Id. at 2.)

The Petition states that Petitioner appealed his convictions in case no. E079027, and that appeal remains "pending." (Id. at 2-3.) It also says that

1

Petitioner is currently represented by appointed counsel, Alex Kreit. (Id. at 8.) Consistent with this information, the California Court of Appeal's website shows that Mr. Kreit represents Petitioner in his direct appeal, case no. E079027. The appeal was initiated in May 2022, and no briefing has been filed yet. See https://appellatecases.courtinfo.ca.gov.

Because his direct appeal is still pending, the Court issued an Order to Show Cause ("OSC") why the Petition should not be summarily dismissed without prejudice as unexhausted. (Dkt. 5.)

Petitioner responded to the OSC by arguing that he exhausted his claims by presenting them to the California Supreme Court in a habeas petition that was denied on July 20, 2022. (Dkt. 8.) The California Supreme Court did deny a habeas petition filed by Petition on that date, reasoning as follows:

> The petition for writ of habeas corpus is denied. Individual claims are denied, as applicable. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Lessard (1965) 62 Cal.2d 497, 503 [courts will not entertain habeas corpus claims that raise Fourth Amendment violations]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

See https://appellatecases.courtinfo.ca.gov, case no. S275145.

Petitioner filed a voluntary dismissal of any Fourth Amendment claims raised in the Petition. (Dkt. 7.) Thus, the only denials by the California Supreme Court relevant to exhaustion are the Duvall-Swain denials.

**B.    LEGAL STANDARDS.**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion

requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

Citations to In re Swain and People v. Duvall reference the California rule that a California habeas petitioner must state fully and with particularity the facts upon which relief is sought to meet the initial burden of pleading adequate grounds for relief. See Gaston v. Palmer, 417 F.3d 1030, 1038-39 (9th Cir. 2005), modified, 447 F.3d 1165 (9th Cir. 2006), cert. denied, 549 U.S. 1134 (2007) (describing pleading requirements of Duvall and Swain). The failure to meet the pleading requirements of Duvall and Swain can be cured in a renewed or amended petition. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Thus, where the California Supreme Court denies habeas claims with citations to Duvall or Swain, the denial can signify a failure to exhaust available state remedies. Id.

When undertaking an exhaustion analysis following such denials, federal courts must consider whether "fair presentation" of the claims to the state courts has been accomplished. Id. at 1320. "The relevant question is whether the prisoner gave the state court a fair opportunity in the first instance to address the federal claim." Humphry v. Paramo, 2:18-cv-00298-JAK-MAA, 2019 U.S. Dist. LEXIS 16710, at *9 (C.D. Cal. Feb. 1, 2019) (Order Accepting Findings and Recommendations of United States Magistrate Judge).

C. **EXHAUSTION ANALYSIS.**

Here, the California Supreme Court's denials based on In re Swain and People v. Duvall did not accomplish exhaustion. The California courts have not had "one full opportunity" to decide Petitioner's federal claims, because he has not yet completed the state's appellate process.

3

      The Court summarily dismisses the unexhausted Petition, without prejudice to Petitioner filing a new § 2254 Petition after he completes his direct appeal and exhausts his claims. Petitioner should consult with Mr. Kreit to understand when his direct appeal is final and the subsequent deadline for filing a timely § 2254 Petition.

DATED: September 8, 2022

                                                    John A. Kronstadt
                                                   UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge